■ In the Matter of MARGARET H. MAYO et al., Respondents, v ANTHONY SADOWSKI et al., Constituting the Board of Elections of the City of New York, Respondents, and ROBERT R. LEWIS, Appellant.—Judgment, Supreme Court, New York County, entered on August 24, 1978, unanimously affirmed, without costs and without disbursements. No opinion. Concur—Kupferman, J. P., Silverman, Markewich, Sandler and Sullivan, JJ.

■ In the Matter of NANNIE E. SIMMONS, Respondent, v ANTHONY SADOWSKI et al., Constituting the Board of Elections of the City of New York, Respondents, and GWENDOLYN GADSDEN, Appellants. In the Matter of GEORGE W. MILLER, Respondent, v ANTHONY SADOWSKI et al., Constituting the Board of Elections of the City of New York, Respondents, and CARLYLE CARLYLE, Appellant. In the Matter of GEORGE W. MILLER, Respondent, v CHARLES A. AVARELLO et al., Constituting the Board of Elections of the City of New York, Respondents, and CHARLES M. GADSDEN, Appellant.—Judgment, Supreme Court, New York County, entered on August 23, 1978, unanimously affirmed, without costs and without disbursements. No opinion. Concur—Kupferman, J. P., Silverman, Markewich and Sullivan, JJ.

■ In the Matter of HARRY C. FOTOPOULOS, Appellant, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Respondent. In the Matter of HARRY C. FOTOPOULOS, Appellant, v COMMISSIONERS OF THE BOARD OF ELECTIONS OF THE CITY OF NEW YORK, and ALFRED J. PERLEN, Respondents.—Judgment, Supreme Court, New York County, entered July 17, 1978, affirmed, without costs and without disbursements. There is no infirmity in the legislative requirement as enforced by the Board of Elections, that change of enrollment be in accordance with certain specified time requirements (Rosario v Rockefeller, 410 US 752). With respect to the question of whether the committee on vacancies is legally constituted (see Election Law, § 6-120, subd 1) the matter is not yet before us. Concur—Kupferman, J. P., Markewich, and Sullivan, JJ.; Silverman and Sandler, JJ., dissent in part in a memorandum by Silverman, J., as follows: I would modify the judgment to the extent of determining that the committee on vacancies may act to designate another candidate. I agree that the particular candidate, appellant Fotopoulos, is not qualified to be a candidate. As to the power of the committee on vacancies, it is true that the committee has not yet acted, presumably awaiting the outcome of this case. And there is a possibility, of course, that the committee may never act. But I think the case comes close enough to the ordinary rules determining when the court should issue

declaratory judgments so that we should make that determination here. The two opposing factions have each asked us to rule on this point. The dispute is apparently real. The time is short. If we do not act now there will not be time for appellate review before the primary election. As to the substantive issue, section 6-148 of the Election Law provides for the filling of a "vacancy in a designation * * * caused * * * by the disqualification of the candidate" (subd 1); and that such a vacancy may be filled by the committee on vacancies (subd 2). On the other hand, subdivision 1 of section 6-120 of the Election Law provides: "1. A petition, except as otherwise herein provided, for the purpose of designating any person as a candidate for party nomination at a primary election shall be valid only if the person so designated is an enrolled member of the party referred to in said designating petition at the time of the filing of the petition." Despite some awkwardness in syntax, this subdivision should be read as meaning that the petition shall be invalid only "for the purpose of designating" the unqualified candidate and not in its entirety. I think that in context that is what the section means. The whole of section 6-120 relates to the validity of a designation of a particular candidate and not of the petition itself. Further, if subdivision 1 of section 6-120 is read as meaning the petition is invalid in its entirety, it would seem to be inconsistent with section 6-148. And it is, in principle, inconsistent with the rule that where as often happens there are several candidates on the same petition and one of them is disqualified, the petition is still valid as to the other candidates. In *McQuade v Heffernan* (301 NY 665, 666), the lead candidate was disqualified for nonresidence and the designating petition was only "declared invalid as to him" and not as to the other candidates on the same petition. The *McQuade* case was decided under the former Election Law which however contained in its subdivision 1 of section 137 language substantially identical with present section 6-120 of the Election Law.